UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENYA AMERSON,

    Plaintiff,                                       Case No. 05-70611

v.                                                 Honorable John Corbett O'Meara

PINKERTON SECURITY and SERVICES,

    Defendant.
_____/

## ORDER DENYING
## DEFENDANT'S DECEMBER 1, 2005 MOTION FOR SUMMARY JUDGMENT

This matter came before the court on defendant Pinkerton's December 1, 2005 motion for summary judgment. Plaintiff Kenya Amerson filed a response December 21, 2005; and Defendant filed a reply brief December 30, 2005. Oral argument was heard February 2, 2006.

## BACKGROUND FACTS

Plaintiff Kenya Amerson was employed by defendant Pinkerton as a shift supervisor at General Motors' Lake Orion facility. In June 2003, Amerson announced she was pregnant and gave her supervisor a note from her treating physician that restricted her from entering the paint shop[1] or otherwise coming in contact with fumes during the course of her pregnancy.

When Plaintiff first notified Defendant of the restrictions due to her pregnancy, she was informed that another employee would cover for her whenever entering the paint shop was necessary. For the next three days, another officer covered for Plaintiff in the paint room as needed. However, on Friday, June 13, 2003, Gary Chapman gave Plaintiff a letter, notifying her that she had

---

[1] Plaintiff's job responsibilities required her to periodically enter the paint booth.

two options, either to accept an unpaid medical leave or to accept a demotion, including decreased pay. Ex. C. If she had accepted the demotion, Plaintiff's pay would have decreased by approximately 25%. It is clear from the letter that the options were the result of the medical restrictions that had been placed on her due to her pregnancy, not her job performance.

Furthermore, Plaintiff was told that her decision was "required by Monday, June 16." Id. She was instructed to "indicate you [*sic*] acceptance or declination of the two options." Id. Plaintiff did not select either option, did not return the form, and did not return to work. Plaintiff was administratively separated. She subsequently filed this action, alleging violations of Michigan's Elliott-Larsen Civil Rights Act.

## LAW AND ANALYSIS

In order to establish a *prima facie* case of employment discrimination based on pregnancy, a plaintiff must show that: 1) she was pregnant, 2) she was qualified for her job, 3) she was subjected to adverse employment action, and 4) there is a nexus between her pregnancy and the adverse employment action. Cline v. Catholic Diocese of Toledo, 206 F.3d 651, 659 (6th Cir. 2000).

There is no dispute in this case that Plaintiff was pregnant, that she was subjected to an adverse employment action, and that there was a nexus between her pregnancy and the adverse employment action. The only factor in dispute is whether Plaintiff was qualified for her job.

Defendant contends that after Plaintiff became pregnant, she was no longer qualified for her job because she could not enter the paint room. Defendant relies on Hoskins v. Oakland County Sheriff's Dep't, 44 F. Supp. 2d 882 (E.D. Mich. 1999), in arguing that "[a]n essential part of plaintiff's regular job responsibilities was to periodically enter the paint booth." Defendant's mot. br. at 5. Hoskins, however, was a case brought pursuant to the Americans with Disabilities Act of

2

1990 ("ADA"), 42 U.S.C. § 12101 *et seq*. In ADA actions, a plaintiff must show, among other things, that she is "qualified to perform the *essential functions* of her job with or without reasonable accommodation." Hoskins, 44 F. Supp. 2d at 886 (emphasis added). The United States Court of Appeals for the Sixth Circuit, though, did not use the word "essential" in Cline, supra, which is a pregnancy discrimination action. Plaintiff Amerson has testified that prior to her restrictions, she entered the paint booth an average of only three times per week to write welding permits or to respond to medical issues or fires. Plaintiff's dep. at 9.

Moreover, the Sixth Circuit, describing how courts should determine whether complainants were qualified for their positions, has held that "in the termination context, this discrimination will often involve assessing whether the plaintiff was meeting the employer's expectations *prior to* the onset of the events that the employer cites as its reason for the termination . . . ." Cline, 206 F.3d at 663 (emphasis in original) (citing St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993)).

Prior to her pregnancy, plaintiff Amerson had worked for Defendant for ten years, the last five as a supervisor. The longevity of her employment, coupled with Defendant's decision to promote her to a supervisory position, supports a finding that Plaintiff was meeting her employer's reasonable expectations. Defendant has failed to give a non-discriminatory reason for its decision to require Plaintiff to make a decision to take a 25% pay cut or to go on unpaid medical leave. Therefore, the court must deny Defendant's motion for summary judgment.

**ORDER**

It is hereby **ORDERED** that defendant Pinkerton's December 1, 2005 motion for summary judgment is **DENIED.**

s/John Corbett O'Meara
John Corbett O'Meara
United States District Judge

Dated:  June 12, 2006